Filed 5/30/14  P. v. Garcia CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE ANTONIO GARCIA,<br><br>    Defendant and Appellant. | G049036<br><br>(Super. Ct. No. 11ZF0115)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

*            *            *

We appointed counsel to represent defendant on appeal. Counsel filed a brief which set forth the facts of the case. Counsel did not argue against the client, but advised the court no issues were found to argue on defendant's behalf. Defendant was given 30 days to file written argument in defendant's own behalf. That period has passed, and we have received no communication from defendant.

Defendant Jose Antonio Garcia was convicted of the second degree murder of his wife, the mother of their five children. Here, the court entered a postjudgment restitution order to cover funeral expenses and mental health services for various family members in the amount of $18,586.

The trial court considered evidence in the form of certified copies of records from California Victim Compensation and Government Claims Board in the amount of $18,586. During the restitution hearing, defense counsel objected to the court's accepting bills in lieu of live testimony. He said: ". . . my objection[ is] based on a due process right to confront and cross-examine the witnesses."

Under Penal Code section 1202.4, subdivision (f)(4)(A), when the Restitution Fund has provided victim assistance, the amount of the assistance "shall be presumed to be a direct result of the defendant's criminal conduct and shall be included in the amount of the restitution order." Subdivision (f)(4)(B) of section 1202.4 further provides that the amount "shall be established by copies of bills submitted to the California Victim Compensation and Government Claims Board reflecting the amount paid by the board and whether the services for which payment was made were for medical or dental expenses, funeral or burial expenses, [or] mental health counseling . . . ." We find no irregularity in the court's order.

2

We have examined the record and found no other arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.) The restitution order is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.